IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 NOV 20 A 10: 25
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| TERRI MCCLURE, | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 1:07-CV-1023-MEF |
| vs. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| CONTROL PRODUCTS, INC., | ) |
| Defendant. | ) |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from gender discrimination and retaliation instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4). Jurisdiction for common law claims is brought under the pendent jurisdiction of this Court.

2. Plaintiff Terri McClure ("Plaintiff") timely filed a discrimination charge against defendant Control Products, Inc. ("Defendant") with the Equal Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff further filed her suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

### II. PARTIES

3. Plaintiff is a female citizen of the United States over the age of nineteen.

4. Defendant is an employer as that term is contemplated under Title VII and was the owner and operator of a facility in Dothan, Houston County, Alabama during all times relevant to this action.

## III. BACKGROUND

5. Paragraphs 1-4 above are incorporated by reference.

6. Plaintiff became employed by Defendant in or about March of 2004 at its Dothan facility.

7. Jeffrey Morrison, who is male, was Plaintiff's supervisor.

8. From the beginning of her employment, Morrison used sexually explicit language around Plaintiff.

9. Beginning in April or May of 2004, Morrison's conduct escalated to sexual and sex-based harassment of Plaintiff, including the following:

    a. He regularly made sexual jokes and comments;

    b. He told anecdotes about the sexual activities and proclivities of himself and other employees, former and present;

    c. He required Plaintiff to view pornographic images on the computer in his office;

    d. He discussed the size of his penis, as well as that of his brother and a friend;

    e. If he felt the female officer manager, Beth Shehane, was not in a good enough mood, he would state in Plaintiff's presence that she (Shehane) needed a "big dick;"

    f. He told Plaintiff she would be "no good to him" because her breasts were not large enough;

    g. He told Plaintiff she should have sex with a male co-worker in the warehouse and he would film it;

    h. When he would return from the restroom, he would describe a pubic hair he had found there and ask Plaintiff to whom she thought it belonged;

    i. He told Plaintiff he knew she wanted to "get a hold" of his friend's "big dick;"

j. He called Plaintiff "stupid bitch" and would throw crumpled up pieces of paper at her and when she objected to it;

k. He would balance coins on his elbow in front of Plaintiff's desk while she was working, swing his hand forward to catch them, and then laugh when he missed them and they hit Plaintiff;

l. He would tell Plaintiff to come into his office and to bring her "kneepads" with her;

m. He spit water through his front teeth at Plaintiff;

n. He would lean towards Plaintiff acting as if he were going to open mouth kiss her with his face inches from hers while flicking his tongue;

o. He would stand next to Plaintiff's desk and make gestures with his mouth simulating cunnilingus and fellatio; and

p. He would come up behind Plaintiff and caress, pinch and slap her buttocks.

10. Morrison's harassment occurred on a daily basis until Plaintiff left Defendant's employ on or about November 2, 2006.

11. Morrison's harassment were greatly distressing to Plaintiff.

12. Plaintiff would be so upset due to the harassment that she would break down crying when she got home, she had problems sleeping, and she developed problems with her menstrual cycle.

13. Plaintiff further had to work on weekends to catch up on her work because Morrison's harassment during the week distracted her such that she could not get her work completed.

14. Plaintiff asked Morrison numerous times to stop his harassment, but he would simply laugh off her complaints.

15. Plaintiff complained about Morrison's harassment to Defendant's President, Johnny Bagley, numerous times.

16. Bagley was Morrison's supervisor.

17. Plaintiff first complained to Bagley about two months after the harassment started.

18. Bagley never took any steps to stop the harassment.

19. In fact, on several occasions Bagley laughed when Plaintiff told him what Morrison had done and stated that hearing things like that reminded him why he wanted to stay away from the Dothan office.

20. Plaintiff further reported the harassment to the head of purchasing, William McGee.

21. McGee stated that he would speak to Bagley about the problem.

22. McGee told Plaintiff in or about early October of 2006 that he had spoken with Bagley about Morrison's harassment of Plaintiff and that he told Bagley that he (Bagley) needed to talk to Morrison about it.

23. Plaintiff was terminated on or about November 2, 2006.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

24. Paragraphs 1-22 above are incorporated by reference.

25. Defendant violated Plaintiff's rights under Title VII by subjecting her to sexual harassment, which constituted a hostile work environment and/or culminated in a tangible employment action.

26. As a result of the above described discriminatory acts, Plaintiff has been made to suffer physical pain and suffering, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iii) That the Court enter an Order requiring Defendant to pay Plaintiff compensatory and punitive damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

### ASSAULT AND BATTERY

27. Paragraphs 1-26 above are incorporated by reference.

28. Morrison's acts as described above of caressing, pinching, and slapping Plaintiff's buttocks and spitting water on her constituted acts of assault and battery upon Plaintiff.

29. Defendant is liable to Plaintiff for Morrison's assault and battery upon her pursuant to respondeat superior and/or because Defendant (a) knew or should have known of the unfitness of Morrison and continued to employ him; (b) Defendant used Morrison's services without proper instruction with a disregard of the rights or safety of others; and/or (c) Defendant participated in, authorized, or ratified Morrison's wrongful conduct.

30. As a result of the assault and battery, Plaintiff has suffered damages including physical pain and suffering, emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact, and that Defendant be required to pay Plaintiff's costs in this action.

## COUNT III

## INVASION OF PRIVACY

31. Paragraphs 1-30 above are incorporated by reference.

32. Morrison's sexual harassment of Plaintiff as described above constituted an invasion of her privacy.

33. Defendant is liable to Plaintiff for Morrison's invasion of Plaintiff's privacy pursuant to respondeat superior and/or because Defendant (a) knew or should have known of the unfitness of Morrison and continued to employ him; (b) Defendant used Morrison's services without proper instruction with a disregard of the rights or safety of others; and/or (c) Defendant participated in, authorized, or ratified Morrison's wrongful conduct.

34. As a result of the invasion of privacy, Plaintiff has suffered damages including physical pain and suffering, emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact, and that Defendant be required to pay Plaintiff's costs in this action.

## COUNT IV

## OUTRAGE

35. Paragraphs 1-34 above are incorporated by reference.

36. Morrison's sexual harassment of Plaintiff constituted outrageous conduct that no reasonable person should have been expected to endure.

37. Defendant is liable to Plaintiff for Morrison's outrageous conduct pursuant to respondeat superior and/or because Defendant (a) knew or should have known of the unfitness of Morrison and continued to employ him; (b) Defendant used Morrison's services without proper instruction with a disregard of the rights or safety of others; and/or (c) Defendant participated in, authorized, or ratified Morrison's wrongful conduct.

38. As a result of the outrageous conduct, Plaintiff has suffered damages including physical pain and suffering, emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against defendants Defendant and Morrison for compensatory and punitive damages in an amount to be determined by the trier of fact, and that defendants be required to pay Plaintiff' costs in this action.

## COUNT V

## WANTON SUPERVISION

39. Paragraphs 1-38 above are incorporated by reference.

40. Defendant wantonly supervised Morrison because it failed to take steps to stop Morrison from sexually harassing Plaintiff after Defendant was aware of facts placing it on notice that Morrison would likely or probably sexually harass Plaintiff or other female employees.

41. As a result of the wanton supervision, Plaintiff has suffered damages including physical pain and suffering, emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact, and that Defendant be required to pay Plaintiff's costs in this action.

## COUNT VI

## NEGLIGENT SUPERVISION

42. Paragraphs 1-41 above are incorporated by reference.

43. Defendant negligently supervised Morrison because it failed to take steps to stop Morrison from sexually harassing Plaintiff after it was aware of facts placing it on notice that Morrison had previously sexually harassed Plaintiff or other female employees.

44. As a result of the negligent supervision, Plaintiff has suffered damages including physical pain and suffering, emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against Defendant for compensatory damages in an amount to be determined by the trier of fact, and that Defendant be required to pay Plaintiff' costs in this action.

Respectfully submitted,

*(signature)*

Adam M. Porter
Attorney for Plaintiff
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

*(signature)*

Attorney for Plaintiff

Defendant's Address:
Control Products, Inc.
c/o R. Blaine Stewart, Reg. Agent
1521 W. Main St.
Dothan, AL 36301

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001231
Cashier ID: khaynes
Transaction Date: 11/20/2007
Payer Name: ADAM M. PORTER
-----------------------------------
CIVIL FILING FEE
 For: ADAM M. PORTER
 Case/Party: D-ALM-1-07-CV-001023-001
 Amount:         $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 3468
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

TERRI McCLURE V. CONTROL PRODUCTS,
INC.
```