IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRI MCCLURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:07-CV-1023-MEF |
| | ) |
| CONTROL PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

# ANSWER

COMES NOW Defendant Control Products, Inc. ("Defendant") and in response to Plaintiff Terri McClure's ("Plaintiff") Complaint states the following:

**I.   JURISDICTION**

1. Defendant denies that this Court has jurisdiction over Plaintiff's claims as Defendant did not have the requisite number of employees to be considered an "employer" under Title VII. Accordingly, this Court also lacks supplemental jurisdiction over the state tort claims pled by Plaintiff.

2. Defendant admits that Plaintiff filed an EEOC charge and subsequently filed the present lawsuit. Defendant is without knowledge or information to admit or deny the remaining allegations of this paragraph and therefore denies same.

### III. PARTIES

3. Defendant admits that Plaintiff is a female over the age of 19. Defendant is without knowledge or information to either admit or deny the remaining allegations of this paragraph.

4. Defendant admits that it has a facility in Dothan, Houston County, Alabama or had a facility in that location at all times relevant to this action. Defendant denies the remaining allegations of this paragraph.

### IV. BACKGROUND

5. Defendant incorporates its response for paragraphs 1 through 4 by reference.

6. Admitted.

7. Defendant admits that Jeffrey Morrison is a male and supervised Plaintiff.

8. Denied.

9. Defendant admits that Beth Shehane was an office manager of Defendant and was female. Defendant denies the remaining allegations of paragraph 9 including all subparts.

10. Defendant admits that Plaintiff was terminated on or about November 2, 2006. Defendant denies the remaining allegations of this paragraph.

11. Denied.

12. Denied.

13. Defendant admits that Plaintiff occasionally cleaned the office on weekends for extra pay. Defendant denies the remaining allegations of this paragraph.

14. Denied.

15. Defendant admits that Johnny Bagley is the President of Defendant. Defendant denies that Plaintiff ever complained to Mr. Bagley about any alleged harassment by Morrison. Defendant denies the remaining allegations of this paragraph.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant admits that William McGee is head of purchasing for the Dothan facility. Defendant denies the remaining allegations of this paragraph.

21. Denied.

22. Denied.

23. Admitted.

V. **CAUSES OF ACTION**

**COUNT I**

**TITLE VII**

24. Defendant incorporates its responses to paragraphs 1 through 23 herein.

25. Denied.

26. Defendant denies the allegations of paragraph 26 and denies that Plaintiff is entitled to the relief sought in this paragraph and its sub parts.

**COUNT II**

**ASSAULT AND BATTERY**

27. Defendant incorporates its responses to paragraphs 1 through 26 herein.

28. Denied.

29. Denied.

30. Denied. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

**COUNT III**

**INVASION OF PRIVACY**

31. Defendant incorporates its responses to paragraphs 1 through 30 herein.

32. Denied.

33. Denied.

34. Denied. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

## COUNT IV

## OUTRAGE

35. Defendant incorporates its responses to paragraphs 1 through 34 herein.

36. Denied.

37. Denied.

38. Denied. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

## COUNT V

## WANTON SUPERVISION

39. Defendant incorporates its responses to paragraphs 1 through 38 herein.

40. Denied.

41. Denied. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

## COUNT VI

## NEGLIGENT SUPERVISION

42. Defendant incorporates its responses to paragraphs 1 through 38 herein.

43. Denied.

44.   Denied. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

## VI.   **AFFIRMATIVE DEFENSES**

As further defense, Defendant avers as follows:

### FIRST DEFENSE

This Court lacks jurisdiction of Plaintiff's claims under Title VII as Defendant does not have the requisite number of employees to be considered an "employer" under Title VII.

### SECOND DEFENSE

Because this Court lacks jurisdiction over Plaintiff's Title VII claims, it also lacks supplemental jurisdiction over Plaintiff's state tort claims.

### THIRD DEFENSE

The Plaintiff's claims are barred to the extent that she failed to fulfill all requisite administrative conditions precedent to filing suit under the Title VII.

### FOURTH DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

## FIFTH DEFENSE

The Plaintiff's claims are barred to the extent that she failed to mitigate her alleged damages, if any.

## SIXTH DEFENSE

The Plaintiff's claims for equitable relief are barred by her "unclean hands."

## SEVENTH DEFENSE

Defendant's actions were motived by legitimate, non-discriminatory, non-retaliatory reasons that were not pretextual.

## EIGHTH DEFENSE

Assuming, *arguendo*, that Defendant acted with an unlawful motive, though it did not, it would have taken the same action with regard to the Plaintiff in the absence of said alleged unlawful motive.

## NINTH DEFENSE

The Plaintiff was contributorily negligent and/or assumed any risk associated with her alleged injuries.

## TENTH DEFENSE

The Plaintiff's claims are barred to the extent that she consented to, welcomed or acquiesced in the conduct about which she complains.

## ELEVENTH DEFENSE

The complaint, in whole or in part, fails to state a claim for which relief can be granted.

## TWELFTH DEFENSE

The Plaintiff's harassment claim is barred because Defendant: (a) had effective preventive and corrective mechanisms in place that were implemented, and (b) the Plaintiff unreasonably failed to take advantage of the complaint mechanisms, or otherwise failed to avoid harm.

## THIRTEENTH DEFENSE

To the extent that the Plaintiff's claims are predicated on speech, they are barred by the First Amendment to the United States Constitution and corresponding provisions of Alabama's Constitution.

## FOURTEENTH DEFENSE

To the extent, if any, that the Complaint and all amendments thereto assert claims for punitive damages, such claims are barred by ALA. CODE § 6-11-20 or are limited by ALA. CODE §§ 6-11-3, 6-11-21, 6-11-27 and 12-21-12..

## FIFTEENTH DEFENSE

Although Defendant is not subject to Title VII, that statute is unconstitutionally vague.

## SIXTEENTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not, Defendant is not liable for punitive damages, if any, because any lawful employment decisions were contrary to its good faith efforts not to discriminate against Plaintiff.

## SEVENTEENTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not, the Plaintiff's claim for punitive damages is barred because Defendant did not authorize or ratify any allegedly discriminatory acts.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver, laches, estoppel (including judicial estoppel), ratification, acquiescence, modification, and/or novation.

## NINETEENTH DEFENSE

Plaintiff's alleged injuries were not a proximate result of Defendant's alleged negligence or wantonness.

## TWENTIETH DEFENSE

No act or omission of Defendant was the proximate cause of any injury to Plaintiff.

## TWENTY-FIRST DEFENSE

Defendant did not participate in, authorize, ratify or condone any of the alleged wrongful acts of which Plaintiff complains.

## TWENTY-SECOND DEFENSE

Plaintiff lacks standing to pursue her claims.

## TWENTY-THIRD DEFENSE

The venue in this action is improper.

## TWENTY-FOURTH DEFENSE

There is an insufficiency of service and an insufficiency of service of process as to Defendant.

## TWENTY-FIFTH DEFENSE

To the extent that Plaintiff's Complaint can be read to include a claim for punitive damages, Defendant pleads the following punitive damage defenses:

1.      Claims for punitive damages in this case violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

   a.      It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiffs'

satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  b. The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;

  c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

  d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

  e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

  f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine

for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

      g.    The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred;

      h.    The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages; and

      i.    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

2.    The award of punitive damages under Alabama law violates the prohibition against excessive fines.

3.    The Plaintiff's claims for punitive damages violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

      a.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiffs'

satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

  c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

  e. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

  4. Any award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law, which is required under the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 6 of the Alabama Constitution.

  5. Any attempt by the Plaintiff to impose punitive or extra-contractual damages on Defendant on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

6. Any award of punitive damages in this case would create an improper and unlawful burden on interstate commerce in violation of Article I, Section 8 of the United States Constitution.

### TWENTY-SIXTH DEFENSE

Defendant is not liable for Plaintiff's claims as the alleged conduct, if it occurred, was outside the line and scope of the employment, and Defendant is not liable under *respondeat superior*.

Defendant reserves the right to amend its Answer as additional information and defenses are learned during the course of discovery.

Respectfully submitted on December 14, 2007,

      *s/ Thomas A. McKnight, Jr.*
Albert L. Jordan (JOR002)
E-mail: alj@wallacejordan.com
Thomas A. McKnight, Jr. (MCK055)
E-mail: tm@wallacejordan.com

Attorneys for Control Products, Inc.

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, Alabama 35253
Voice: (205) 870-0555
Fax: (205) 871-7534

## CERTIFICATE OF SERVICE

I certify that on December 14, 2007, I e-mailed to below counsel and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam M. Porter, Esq.
2301 Morris Avenue, Suite 102
Birmingham, AL 35203
e-mail: adamporter@earthlink.net

           Respectfully submitted,

           s/ *Thomas A. McKnight, Jr.*
           Thomas A. McKnight, Jr. (MCK055)
           Wallace, Jordan, Ratliff & Brandt, L.L.C.
           Post Office Box 530910
           Birmingham, Alabama 35253
           Voice:    (205) 870-0555
           Fax:      (205) 871-7534
           E-mail: tm@wallacejordan.com