IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRI MCCLURE, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:07-cv-1023-MEF |
| vs. ) | |
| ) | |
| CONTROL PRODUCTS, INC., ) | |
| ) | |
| Defendant. | |

_____

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to FRCP Rule 26(f), a meeting was held on January 9, 2008 between Adam Porter, attorney for plaintiff, and Tom McKnight, one of the attorneys for defendant.

1. <u>Synopsis of Case</u>.

Plaintiff claims that defendant subjected her to sexual harassment, which constituted a hostile work environment and/or culminated in a tangible employment action. Her claims are brought under Title VII and state law claims.

Defendant did not have the requisite number of employees during Plaintiff's employment to be an "Employer" under Title VII. This Court therefore lacks subject matter and supplemental jurisdiction over Plaintiff's claims. Plaintiff was not sexually harassed by Defendant and was terminated for lawful reasons. Plaintiff was not damaged by Defendant's alleged conduct, as she regularly instigated lewd behavior during her employment with Defendant.

2. <u>Pre-discovery Disclosures</u>.

The parties will exchange the information required by Rule 26.1 within one month from the filing of this report.

3. <u>Discovery Plan</u>.

The parties jointly propose to the court the following discovery plan:

Without waiver of objections, discovery will be needed on the following subjects: plaintiff's claims and all other allegations in plaintiff's complaint and matters incidental thereto; defendant's defenses and matters incidental thereto; plaintiff's damages, defenses thereto, and mitigation thereof.

All discovery must be commenced in time to be completed by September 5, 2008.

Interrogatories: **the parties have disagreement**.

Plaintiff requests a maximum of 40 interrogatories, including sub-parts, by each party to any other party.

Defendant requests a maximum of 25 interrogatories, including sub-parts, by each party to any other party.

Request for Admissions: **the parties have disagreement**.

Plaintiff requests a maximum of 20 requests for admissions, including sub-parts, by each party to any other party.

Defendant requests a maximum of 25 requests for admissions, including sub-parts, by each party to any other party.

Request for Production: **the parties have disagreement**.

Plaintiff requests a maximum of 40 requests for production of documents, including sub-parts, by each party to any other party.

Defendant requests a maximum of 25 requests for production of documents, including sub-parts, by each party to any other party.

Maximum of 7 depositions by each party. No deposition shall exceed seven hours, inclusive

of breaks except lunch, unless agreed to by the parties or ordered by the Court.

Reports from retained experts, if any, under Rule 26(a)(2) are due:

From plaintiff- by May 30, 2008

From defendant- by June 27, 2008

Supplementation under Rule 26(e) due as soon as is practicable but no later than 30 days prior to the discovery cut-off or five days after new discovery, whichever is later.

4. <u>Other Items</u>.

A scheduling conference is not requested prior to entry of a scheduling order.

Plaintiff has until March 25, 2008 to join additional parties and to amend the pleadings.

Defendant has until April 25, 2008 to join additional parties and to amend the pleadings.

All potentially dispositive motions must be filed and served by July 25, 2008.

While settlement cannot be fully evaluated until completion of initial discovery, the parties agree to engage in settlement negotiations during discovery.

Pursuant to FRCP Rule 5(b)(2)(D), the parties consent to service of pleadings and other papers covered by Rule 5 electronically.

If production of discoverable electronic or computer-based media is required or requested, the parties agree to exercise good faith in resolving any issues and to act in accordance with Rule 26(b)(2)(B).

The parties will determine whether mediation should be entered upon completion of initial discovery.

Final lists of trial evidence under Rule 26(a)(3) are due 30 days before trial.

Parties have 10 days after service of final lists of trial evidence to state objections under Rule 26(a)(3).

The case will be ready for trial on the Court's December 1, 2008 Dothan docket and is expected to take approximately three-four days.

                                Respectfully submitted,

                                s/ Adam M. Porter
                                Adam M. Porter
                                Attorney for Plaintiff
                                2301 Morris Avenue, Suite 102
                                Birmingham, Alabama 35203
                                Phone: (205) 322-8999
                                Facsimile: (205) 322-8915

                                s/ Thomas A. McKnight, Jr.
                                Thomas A. McKnight, Jr.
                                One of the Attorneys for Defendant

OF COUNSEL:
Albert L. Jordan, Esq.
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
P.O. Box 530910
Birmingham, Alabama 35253
Telephone: (205) 870-0555
Facsimile: 205-871-7534